# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KINGS DODGE, INC. d/b/a )<br>KINGS DODGE/CHRYSLER/JEEP )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRYSLER GROUP, LLC )<br>)<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 1:12-cv-445<br>Judge Timothy S. Black<br><br>**CONFIDENTIALITY<br>AGREEMENT AND ORDER** |

## CONFIDENTIALITY AGREEMENT AND ORDER

In accordance with Federal Rule of Civil Procedure 26(c), and in order to expedite the

flow of discovery material, facilitate the prompt resolution of disputes over confidentiality,

protect material entitled to be kept confidential, and ensure that protection is afforded only to

material so entitled, it is hereby stipulated and agreed by and among plaintiff Kings Dodge, Inc.

("Kings") and defendant Chrysler Group, LLC ("CG") (collectively the "Parties," and each

individually a "Party"), that:

      1.     This Stipulated Confidentiality Agreement and Protective Order ("Confidentiality

Agreement") shall govern all methods for the exchange of confidential information, including

without limitation, documents produced, answers to interrogatories, responses to requests for

admission, information obtained from inspection of premises or things, testimony adduced at

deposition upon oral examination or upon written questions, information produced in any other

form in response to discovery conducted in this case, or information disclosed pursuant to a subpoena, or as part of any motions, briefs or other filings. .

2.    In this Confidentiality Agreement, the Parties use the term "document" in its broadest sense, including without limitation, extracts, electronically stored information, memoranda, notes, other information quoting from or summarizing such information, and all information that fits within the meaning and scope of the word "document" as used in Rule 34(a) of the Federal Rules of Civil Procedure.

3.    A Receiving Party is a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    A Producing Party is a Party, or non-party, that produces Disclosure or Discovery Material in this action.

5.    Protected Material is any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."   Information designated "Confidential" shall be limited to those materials that a Producing Party believes in good faith to be such sensitive research, development, commercial, proprietary, or personal information that is generally unavailable to others in the industry, and is not readily determinable from public sources, and as to which there is a legitimate, good faith basis to maintain as "Confidential." The "Confidential" designation shall not include any material that the Producing Party has placed in the public domain and/or made available as a matter of public record.

6.    Information designated "Highly Confidential—Attorneys' Eyes Only" shall be limited to particularly sensitive "Confidential" information, the disclosure of which to another Party, or non-party, would create a substantial risk of competitive or business injury to the Producing Party.

2

7.     While the Parties are free to designate Protected Material as they deem appropriate under this Confidentiality Agreement, they anticipate that most of the Protected Material produced will be designated as "Confidential" and they will attempt to limit Protected Material designated as "Highly Confidential—Attorneys' Eyes Only." No document may be designated as "Highly Confidential—Attorneys' Eyes Only" if it: (i) is in the public domain at the time of disclosure; (ii) was in the rightful and lawful possession of the Receiving Party at the time of disclosure on a non-confidential basis from a source other than the Producing Party, provided that such source was not bound by a confidentiality agreement with the Producing Party at the time of its disclosure; (iii) has already been provided to the Receiving Party by the Producing Party, subject to paragraph 20 of this Confidentiality Agreement; or (iv) contains information solely related to the Receiving Party.

8.     The designation of material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall be made only after a good faith determination that the material in fact constitutes Protected Material. Designations may be made by any Party or non-party who produces documents for the purposes of discovery in litigation, whether formally or informally. Further, whenever any Party determines in good faith that discovery material produced by a non-party contains "Confidential" or "Highly Confidential—Attorneys' Eyes Only" information, that Party may designate such material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," even when the discovery material has not been so designated by the non-party who produced it. Subject to the dispute resolution process set forth herein, such designation shall be made as soon as reasonably practicable.

3

9.      The designation of documents containing Protected material may be made by placing or affixing thereon (in such manner as will not interfere with the legibility thereof) the legend "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

10.      Designation of materials or information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall not thereby restrict the use of that material or information by the Producing Party.

11.      Information provided in discovery, which is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," shall not be disclosed or used for any purpose except in connection with the prosecution or defense of this litigation.

12.      Except upon the prior written consent of the Producing Party or upon order of this Court, Protected Material which is designated as "Confidential" shall not be produced, shown, disseminated, discussed, or disclosed except to the following persons:

        a.      Outside counsel for the Parties in this action;

        b.      Persons regularly employed or associated with the law firms of such attorneys, whose assistance is required by said attorneys in the prosecution or defense of this litigation;

        c.      Potential witnesses to the extent such disclosure is reasonably necessary to prepare the witness to present testimony or for cross-examination and provided that the witness executes the Declaration attached hereto as Exhibit A;

        d.      Employees of the Receiving Party to whom it is necessary that the material be shown for purposes of this lawsuit, provided that such employee executes the Declaration attached hereto as Exhibit A.

e.     Outside experts and consultants retained by any Party or its counsel in good faith in connection with this litigation;

f.     Current or former employees or agents of the Producing Party;

g.     In-house counsel for the Parties and their assistants, paralegals or other persons associated with in-house counsel, whose assistance is required by said attorneys in the prosecution or defense of this litigation;

h.     The Court and its personnel;

i.     Court reporters involved in transcribing proceedings relevant to this matter;

j.     Employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents necessary to the prosecution or defense of this litigation.

13.    Prior to disclosing any Protected Material to any person listed above in subparagraphs 12(c), 12(d), and 12(e), counsel shall provide such person with a copy of this Confidentiality Agreement, and obtain from each person a written acknowledgment, in the form attached as Exhibit A, stating that he or she has read this Confidentiality Agreement and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and may be made available to opposing counsel upon request for good cause shown. If such person does not agree to be bound by this Agreement, disclosure of Protected Material to such person is prohibited, absent an Order of the Court.

14.    Except upon the prior written consent of the Producing Party or upon order of this Court, Protected Material which is designated as "Highly Confidential—Attorneys' Eyes Only"

shall not be produced, shown, disseminated, discussed, or disclosed except to the following persons:

        a.      Outside counsel for the Parties in this action;

        b.      Persons regularly employed or associated with the law firms of such attorneys, whose assistance is required by said attorneys in the prosecution or defense of this litigation;

        c.      Trial or deposition witnesses to the extent such disclosure is reasonably necessary to prepare the witness to present testimony or for cross-examination but limited to documents identified as trial or deposition exhibits, provided that the witness executes the Declaration attached hereto as Exhibit A;

        d.      In-house counsel for the Parties;

        e.      Current or former employees or agents of the Producing Party;

        f.      The Court and its personnel;

        g.      Court reporters involved in transcribing proceedings relevant to this matter;

        h.      Employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents necessary to the prosecution or defense of this litigation.

      15.      CG reserves the right to assert that certain responsive information should be protected under an "Outside Counsel Only" designation. If CG makes such an assertion, it will notify Kings and seek to voluntarily negotiate a separate protective order governing such information. If the Parties cannot reach an agreement, CG may choose to either: (1) redesignate, pursuant to this Agreement, the relevant documents; or (2) file a motion for a protective order to

govern the production of this "Outside Counsel Only" information pursuant with Federal Rule of
Civil Procedure 26(c). The Parties agree that CG shall have no obligation to produce any
information it has identified as "Outside Counsel Only" until either: (1) the Parties agree to a
protective order governing "Outside Counsel Only" information; or (2) the Court issues a ruling
on CG's motion for a protective order related to "Outside Counsel Only" information.

16. Whenever a portion of a deposition involves disclosure of Protected Material, said
portions thereof shall be designated as containing Protected Material subject to the provisions of
this Confidentiality Agreement; such designation shall be made on the record whenever possible,
but the Parties may designate portions of depositions as containing Protected Material after
transcription, provided written notice of such designation is promptly given to all counsel of
record herein within fourteen (14) days after the delivery of the transcript by the court reporter to
those who have ordered a copy. Prior to the expiration of the fourteen (14) day period,
deposition transcripts containing Protected Material shall be treated as "Highly Confidential
Information—Attorneys' Eyes Only."

17. This Confidentiality Agreement applies to Protected Material revealed by or
included within discovery, including without limitation: depositions, interrogatory answers, and
documentary production contained in motions, affidavits, briefs, or other documents submitted to
the Court. If a Party or non-party seeks to file any Protected Material as discovery material,
including to challenge the Producing Party's confidentiality designation as to any material, it
must seek to file such material under seal pursuant to Civil Local Rule 79.3 of the rules of the
United States District Court for the Southern District of Ohio. The envelope containing
documents sought to be filed under seal must indicate that the documents are being filed
pursuant to this Protective Order. The Parties further acknowledge that this Protective Order

7

creates no entitlement to file confidential information under seal; Civil Local Rule 79.3 of the rules of the United States District Court for the Southern District of Ohio sets forth the procedures that must be followed and reflects the standard that will be applied when a Party seeks permission from the Court to file material under seal.

18.    A Party may object to the designation of particular material or information as "Confidential," or "Highly Confidential—Attorneys' Eyes Only," by giving written notice to the Producing Party designating such Protected Material. Any such written notice shall identify the Protected Material to which the objection is directed by Bates Number. Following such notice, the Parties shall meet and confer in good faith to try and resolve differences over the designation. If the status of the material or information cannot be resolved by the Parties within seven (7) business days after receipt of the notice, it shall be the obligation of the Objecting Party to file, within ten (10) days of the expiration of the earlier seven (7) business day period, an appropriate motion requesting that the Court rule that the disputed information not be subject to the terms of this Confidentiality Agreement or that it hold a different designation. To maintain confidential status, the proponent of such status must show by a preponderance of the evidence that there is good cause for the material to have such protection. Disputed material shall remain Protected Material under the terms of this Confidentiality Agreement until the Court rules on such a motion.

19.    If Protected Material is inadvertently produced without the appropriate legend attached, or with an incorrect designation attached, such document shall be treated as "Confidential" information, or, "Highly Confidential—Attorneys' Eyes Only" information from the time the Producing Party advises the Receiving Party in writing that such material must be so designated. The Producing Party shall also provide all Parties with an appropriately labeled

replacement. The Receiving Party shall either return promptly or destroy the unmarked or incorrectly designated documents, and any copies of such documents.

20. Within thirty (30) days after the final resolution of this action, including the expiration of any appellate review, Protected Material and all copies of same (other than exhibits of record) shall be returned to the Producing Party or, at the option of the Producing Party, destroyed. All counsel of record shall, upon request, make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than forty-five (45) days after final termination of this litigation. Notwithstanding the foregoing, outside counsel for each Party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Agreement.

21. The terms of this Confidentiality Agreement shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the above-entitled action. This Confidentiality Agreement may be modified by further Order of the Court upon application to the Court with notice and opportunity to be heard.

22. Each person to whom the documents are exhibited and/or the information contained therein is disclosed hereby submits himself or herself to the jurisdiction of the Court over his or her person, wherever he or she shall be, for the enforcement of this Confidentiality Agreement.

23. The terms of this Confidentiality Agreement may be applied to the Protected Material of a non-party, as long as that non-party agrees in writing to be bound by the terms of this Confidentiality Agreement.

24.     Nothing in this Confidentiality Agreement shall affect any manner of attorney-client privilege, work product immunity, or any other privilege or immunity, matters which shall be governed by the applicable law of privilege or immunity. To the extent, however, that documents claimed to be protected from discovery on the grounds of such privilege or immunity are held by this Court not to be so protected, the terms of this Confidentiality Agreement shall govern any Protected Material contained in such documents.

25.     If a Producing Party at any time notifies any Receiving Party that it inadvertently produced documents or information that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The Receiving Party shall return all copies of such documents, testimony, information, and/or things to the inadvertently Producing Party and shall not use items for any purpose until further order of the Court. The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

26.     If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the Confidentiality Agreement, that party must immediately: (a) notify in writing counsel for the designating party of the unauthorized disclosures, including all pertinent facts; (b) make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Protected Material from the recipient(s) thereof; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Confidentiality Agreement; and (d) request such person or persons

execute the Declaration attached hereto as Exhibit A. Compliance with the foregoing shall not prevent a Party from seeking further relief from this Court.

27.     Nothing in this Confidentiality Agreement shall limit the ability of the Parties to seek further protection from the Court.

SO ORDERED this ___17th___ day of January, 2013

_____
UNITED STATES DISTRICT JUDGE

THIS PROTECTIVE ORDER IS STIPULATED AND AGREED TO BY:

Respectfully submitted,

s/ Curtis L. Cornett (authorized by email)
Curtis L. Cornett (0062116)
CORS & BASSETT, LLC
537 East Pete Rose Way, Suite 400
Cincinnati, OH 45202
Phone: (513) 852-8226
Fax: (513) 852-8222
Email: clc@corsbassett.com

**Attorney for Plaintiff Kings Dodge, Inc.**

s/ Kurt R. Hunt
Patrick D. Lane (0012704)
Kurt R. Hunt (0084362)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Fax: (513) 977-8141
Email: pat.lane@dinsmore.com
Email: kurt.hunt@dinsmore.com

and

Robert D. Cultice (*pro hac vice* 8/15/12)
Lucy Heenan Ewins (*pro hac vice* 8/15/12)
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

**Attorneys for Defendant Chrysler Group,
LLC**

Dated: January 16, 2013

11

## CERTIFICATE OF SERVICE

I certify that on January 16, 2013, a true and correct copy of the foregoing was filed with the Clerk of Courts using the CM/ECF system, which will send electronic notification to:

Curtis L. Cornett, Esq.
CORS & BASSETT, LLC
537 East Pete Rose Way, Suite 400
Cincinnati, OH  45202

s/ Kurt R. Hunt

EXHIBIT A

ACKNOWLEDGEMENT

I hereby acknowledge that I have read a copy of the Stipulated Confidentiality Agreement and Protective Order relating to the civil action presently pending in the Southern District of Ohio, entitled *Kings Dodge, Inc. v. Chrysler Group LLC*, Civil Action No. 1:12-cv-445, and that I understand the terms thereof and agree to be bound by such terms and submit myself to the jurisdiction of the Court, wherever I may be, for the enforcement of this Stipulated Confidentiality Agreement and Protective Order and for sanctions for violations thereof.

Signed under the penalties of perjury this _____ day of _____, 2013.

_____

Name:

13